UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



YEHUDA NELKENBAUM,

                Plaintiff,

-against-

TOWN OF FALLSBURG, NEW YORK; TOWN OF FALLSBURG, NEW YORK, POLICE DEPARTMENT; POLICE OFFICER JORDY; POLICE OFFICER CHAVALIER; SERGEANT SCHEVERING; ASSISTANT SULLIVAN COUNTY DISTRICT ATTORNEY LEIGH WELLINGTON; AND JOHN DOE # 1-10; AND JANE DOE # 1- 10,

                Defendants.

19-CV-7953 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging that he was falsely arrested and maliciously prosecuted. By order dated October 2, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

### A. Town of Fallsburg, New York

Plaintiff's claims against the Town of Fallsburg, New York, must be dismissed. When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell*

2

*v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

Because fails to allege facts suggesting that a policy, custom, or practice of the Town of Fallsburg caused a violation of his constitutional rights, his claim against this Defendant must be dismissed.

**B.     Town of Fallsburg, New York, Police Department**

Plaintiff's claims against the Town of Fallsburg, New York, Police Department must also be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

**C.     Service on Police Officer Jordy; Police Officer Chavalier; Sergeant Schevering; and Assistant Sullivan County District Attorney Leigh Wellington**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Police Officer Jordy; Police Officer Chavalier; Sergeant Schevering; and Assistant Sullivan County District Attorney Leigh Wellington through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**D. Doe Defendants**

Because Plaintiff does not make any allegations against the Doe Defendants and does not supply sufficient information to permit the attorney for or agent of the Doe Defendants to identify them, the Court declines, at this time, to issue an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997) (a *pro se* litigant is entitled to assistance from the district court in identifying a defendant), seeking the identities of the Doe Defendants.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the Town of Fallsburg, New York, and the Town of Fallsburg, New York, Police Department. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for Police Officer Jordy; Police Officer Chavalier; Sergeant Schevering; and Assistant Sullivan County District Attorney Leigh Wellington, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: March 2, 2020
White Plains, New York

VINCENT L. BRICCETTI
United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. Police Officer Jordy
   Town of Fallsburg Police Department
   19 Railroad Plaza
   South Fallsburg, New York 12779

2. Police Officer Chavalier
   Town of Fallsburg Police Department
   19 Railroad Plaza
   South Fallsburg, New York 12779

3. Sergeant Schevering
   Town of Fallsburg Police Department
   19 Railroad Plaza
   South Fallsburg, New York 12779

4. Assistant Sullivan County District Attorney Leigh Wellington
   Sullivan County District Attorney's Office
   414 Broadway
   Monticello, New York 12701