UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
YEHUDA NELKENBAUM,
                     Plaintiff,

v.

POLICE OFFICER JORDY; POLICE
OFFICER CHAVALIER; SERGEANT
SCHEVERING; SULLIVAN COUNTY
ASSISTANT DISTRICT ATTORNEY LEIGH
WELLINGTON; JOHN DOE ## 1–10; and
JANE DOE ## 1–10,
                     Defendants.
--------------------------------------------------------------x

**OPINION AND ORDER**

19 CV 7953 (VB)

Briccetti, J.:

      Plaintiff Yehuda Nelkenbaum, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. §§ 1983 against defendants Police Officer ("P.O.") Jordy, P.O. Chavalier, Sergeant ("Sgt.") Schevering, and Sullivan County Assistant District Attorney ("ADA") Leigh Wellington.[1]  Plaintiff brings claims for violations of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights, as well as New York state-law claims.

      Now pending is defendant ADA Wellington's motion to dismiss the amended complaint pursuant to Rule 12(b)(6).  (Doc. #12).[2]

      For the following reasons, ADA Wellington's motion to dismiss is GRANTED.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1]     Plaintiff also invokes 42 U.S.C. § 1988.  Section 1988 "does not create a right of action in any situation."  Lefcourt v. Legal Aid Soc., 445 F.2d 1150, 1154 n.2 (2d Cir. 1971).  Thus, to the extent plaintiff asserts any claims under that statute, those claims are dismissed.

[2]     Plaintiff failed to oppose the motion, despite having been granted multiple extensions of time to do so.  (Docs. ##15, 17, 23).  Therefore, by Order dated October 9, 2020, the Court deemed the motion fully submitted and unopposed.  (Doc. #26).

**BACKGROUND**

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.[3]

Plaintiff claims that on August 23, 2018, he was in his apartment in Loch Sheldrake, New York, when officers of the Town of Fallsburg Police Department came to his apartment and requested he open his door and step outside to speak to them.  Plaintiff alleges he did not do so.  According to plaintiff, the officers then forcibly entered his apartment, unlawfully searched and arrested him, used excessive force during the arrest and transfer to the police department, illegally searched his apartment, and left his apartment unlocked after searching it, resulting in his property being stolen from his apartment.

Plaintiff alleges that while he was in a holding cell pending post-arrest processing, he overheard ADA Wellington discuss his arrest with Sgt. Schevering.  Plaintiff alleges ADA Wellington instructed Sgt. Schevering to release plaintiff.  Plaintiff further alleges both ADA Wellington and Sgt. Schevering were afraid he would sue them for false arrest.  He claims they thus decided not to release him, and instead, processed his arrest and required him to post a $100 bond.

According to plaintiff, he was falsely charged and prosecuted for criminal failure to obey a court-issued order of protection.  Plaintiff claims this prosecution was based on false, misleading, and incomplete evidence police officers provided to, or withheld from, ADA Wellington.  According to plaintiff, the officers fabricated the charge to retaliate against him

---

[3]  The complaint contains several allegations that appear to relate to a different case.  (Doc. #7 ("Am. Compl.") ¶¶ 22, 166).  The Court disregards these allegations.

because he refused to open his door and instead spoke to them through a window. Plaintiff also alleges ADA Wellington lied to the judge while prosecuting plaintiff's case.

Plaintiff claims ADA Wellington pressured him to accept an adjournment in contemplation of dismissal ("ACD") to prevent him from suing for false arrest. According to plaintiff, on July 17, 2019, after the case was scheduled for jury selection and trial, ADA Wellington moved to dismiss the charge against plaintiff.

## DISCUSSION

I. Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[4] First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a

---

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II.     Eleventh Amendment Immunity

ADA Wellington argues Eleventh Amendment immunity bars any claims against her in her official capacity.

The Court agrees.

"The Eleventh Amendment, with few exceptions, bars federal courts from entertaining suits brought by a private party against a state in its own name." Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993). "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009).

"[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." Id.

4

"[I]f a district attorney or an assistant district attorney acts as a prosecutor, she is an agent of the State, and therefore immune from suit in her official capacity." D'Alessandro v. City of New York, 713 F. App'x 1, 8 (2d Cir. 2017) (summary order).[5]

Here, plaintiff's allegations regarding ADA Wellington complain of actions she took as a prosecutor. Accordingly, plaintiff's claims against ADA Wellington in her official capacity must be dismissed.

III.   Prosecutorial Immunity

ADA Wellington next argues plaintiff's claims against her in her individual capacity are barred by absolute prosecutorial immunity.

The Court agrees.

A.   Legal Standard

Prosecutors are immune from civil suits seeking monetary damages for acts committed within the scope of their official duties when the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." Simon v. City of New York, 727 F.3d 167, 171 (2d Cir. 2013) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). To determine whether an official enjoys absolute immunity, a court takes a "functional approach, examining the nature of the function performed, not the identity of the actor who performed it." Id. (citing Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993)). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate." Giraldo v. Kessler, 694 F.3d 161, 165 (2d Cir. 2012). "[A] prosecutor unquestionably acts as an

---

[5]   Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

advocate—and therefore receives absolute immunity—when she initiates and pursues a criminal prosecution." D'Allessandro v. City of N.Y., 713 F. App'x at 5.

B.  Application

Prosecutorial immunity bars each claim plaintiff brings against ADA Wellington because each allegation implicates conduct intimately associated with her prosecutorial function.

Plaintiff alleges that rather than release him after his arrest, ADA Wellington decided to prosecute him and that such prosecution was based on false, misleading, and incomplete information.  Plaintiff further alleges ADA Wellington later moved to dismiss those criminal charges.  However, "[t]he decision whether to bring charges—and even the decision to bring charges in the absence of adequate evidence—falls squarely within a prosecutor's role as an advocate and, therefore, is protected by absolute immunity." Byrne v. City of New York, 736 F. App'x 263, 265 (2d Cir. 2018) (summary order).  Moreover, prosecutorial immunity attaches to a decision to dismiss a case.  See Giraldo v. Kessler, 694 F.3d at 165.

Plaintiff's allegations that ADA Wellington prosecuted him in collusion with the defendant-officers to prevent him from suing for false arrest, even taken as true, do not alter the result.  See Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994) ("The fact that [a conspiracy to present false evidence at trial] is certainly not something that is properly within the role of a prosecutor is immaterial, because the immunity attaches to [the prosecutor's] function, not to the manner in which [the prosecutor] performed it.").

Moreover, prosecutorial immunity also attaches to plaintiff's allegations that ADA Wellington lied to the judge, pressured plaintiff to accept an ACD, and maliciously prosecuted him.  "[A] prosecutor still acts within the scope of her duties even if she makes false statements during judicial proceedings, knowingly uses false testimony, deliberately withholds exculpatory

6

evidence, engages in malicious prosecution, or attempts to intimidate an individual into accepting a guilty plea." D'Alessandro v. City of New York, 713 F. App'x at 5.

Accordingly, plaintiff's claims against ADA Wellington in her individual capacity must be dismissed.

IV. Personal Involvement

Finally, ADA Wellington argues plaintiff fails plausibly to allege her personal involvement in claims stemming from the other defendants' actions before and during plaintiff's arrest, and certain of their actions after his arrest.

The Court agrees.

To adequately plead a Section 1983 claim, a plaintiff must also "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Indeed, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).

Here, plaintiff explicitly brings each cause of action in the amended complaint against "all defendants." However, plaintiff's specific allegations with respect to ADA Wellington implicate prosecutorial functions, for which, as discussed above, she is immune from suit. Plaintiff does not allege ADA Wellington was personally involved in the defendant officers' entry into his apartment, the search of his apartment or of him, plaintiff's arrest, plaintiff's physical treatment post-arrest, any denial of medical attention, or the alleged fabrication or withholding of evidence against him. [6] Accordingly, claims stemming from those alleged actions must be dismissed as against ADA Wellington.

---

[6] In addition, the amended complaint includes ADA Wellington in both groups of defined defendants—"INDIVIDUAL DEFENDANTS" and "FALLSBURG DEFENDANTS." (Am.

V.      State Law Claims

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed the federal claims against ADA Wellington over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims plaintiff may be asserting against her.

VI.     Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000). District courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when a plaintiff is proceeding pro se. See Terry v. Incorporated Village of Patchogue, 826 F.3d 631, 633 (2d Cir. 2016). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

---

Compl. ¶¶ 10–11). Even though nearly all of plaintiff's claims are alleged such that both groups of defendants engaged in the complained-of conduct, the Court cannot construe the amended complaint to assert all conduct engaged in by "INDIVIDUAL DEFENDANTS" and "FALLSBURG DEFENDANTS" as attributable to ADA Wellington simply due to her inclusion within those defined groups.

The amended complaint, even liberally construed, contains no allegations suggesting plaintiff has valid claims against ADA Wellington that plaintiff "inadequately or inartfully pleaded" and "should therefore be given a chance to reframe."  See Cuoco v. Moritsugu, 222 F.3d at 112.  The problems with plaintiff's claims are substantive, and better pleading will not cure them.  For these reasons, amendment would be futile, and leave to amend is denied.

## CONCLUSION

Defendant ADA Wellington's motion to dismiss is GRANTED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motion (Doc. #12), and terminate defendant Leigh Wellington from this action.

Dated: December 22, 2020
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge